IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE ERVIN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>VINCENT CULLEN, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent.<br>_____/ | No. C 00-01228 CW<br><br>ORDER GRANTING PETITIONER'S MOTION TO DEPOSE GARY HINES, DOCKET NO. 178, AND GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR SUPPLEMENTAL DISCOVERY, DOCKET NO. 179 |

Petitioner Curtis Lee Ervin filed a first Amended Petition for a Writ of Habeas Corpus on September 7, 2007. In the present motions, Ervin seeks the following discovery: (1) a deposition of Gary Hines; (2) the production of case material in the possession of Spencer Strellis, trial counsel for co-Defendant Robert McDonald, which tends to exculpate Ervin, or mitigate the penalty imposed on him or both; and (3) the production of personnel records of lead investigating officer, Sergeant Dana Weaver, by the East Bay Regional Parks Police Department. Petitioner contends that Hines' testimony is relevant to his claims of innocence, numbered 32 through 34. Respondent has opposed all three requests for discovery. The East Bay Regional Parks Police Department was not served with the motion for the production of Weaver's personnel file, but nevertheless filed an opposition to the disclosure of the file. Although Strellis was served with a

subpoena duces tecum for exculpatory evidence in his McDonald trial records, as previously authorized by the Court, and failed to respond to the subpoena, he was not served with the present motion and has not appeared to state his position.

## BACKGROUND

Petitioner has been sentenced to death in connection with his conviction for first degree murder and robbery. Petitioner was found to have committed murder for financial gain, a special circumstance rendering him eligible for the death penalty. McDonald, an insurance broker involved in a bitter divorce, allegedly hired Petitioner and two other men, Armond Jack and Arestes Robinson, to kill his wife. Armond Jack turned state's evidence and was granted full immunity for his cooperation.

Petitioner contends that his federal counsel have uncovered evidence that he suffers from organic brain damage and that he did not kill McDonald's wife. According to Petitioner, McDonald, who died of cancer, sought to give deposition testimony at the end of his life exculpating Petitioner. However, the California Appellate Project (CAP) represented both Petitioner and McDonald at the time, and refused to assist McDonald in that effort due a conflict of interest. CAP reportedly told Petitioner that McDonald's deposition had been taken, although that was not the case.

Hines, another death row inmate, befriended McDonald. McDonald reportedly shared with Hines that he did not hire

2

Petitioner to kill his wife and Petitioner was not involved in the murder. Hines attested that he helped McDonald in his efforts to provide testimony about Petitioner's innocence, although these efforts were ultimately unsuccessful. McDonald died in 1993 before he was able to testify as to Petitioner's lack of participation in the crime. Hines is currently ill with terminal cancer and is unlikely to survive this litigation. Hines has stated that he is not friends with Petitioner and they are housed in different areas of San Quentin prison.

On March 22, 2010, the Court granted in part Ervin's motion for discovery. The Court authorized Petitioner to issue a subpoena duces tecum to Strellis for exculpatory material in his possession. However, as noted earlier, Petitioner served Strellis the subpoena, but Strellis never responded. In addition, the Court permitted the deposition of Weaver. Nevertheless, Petitioner has been unable to depose Weaver because Weaver suffers from advanced multiple sclerosis and, thus, has been medically unable to participate in a deposition.

## LEGAL STANDARD

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, federal courts have "the power to fashion appropriate modes of procedure, including discovery, to dispose of habeas petitions as law and justice require." Id. (internal quotations

3

marks and citations omitted). Under Rule 6(a) of the Rules Governing § 2254 Cases, a party is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so . . . ." Id. "A party requesting discovery must provide reasons for the request. The request must . . . specify any requested documents." Rules Governing § 2254 Cases, Rule 6(b). Before addressing whether a petitioner is entitled to discovery under Rule 6(a), the court must first identify the "essential elements" of the claim. Bracy, 520 U.S. at 904. Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. Id. at 908-09.

## DISCUSSION

I. Pinholster and Post-Pinholster cases

Respondent argues that discovery cannot be permitted in light of the Supreme Court's recent decision in Cullen v. Pinholster, 131 S.Ct. 1388, 1400 (2011). Pinholster addressed whether review under section 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court.

Section 2254(d) states that habeas relief on behalf of a state prisoner shall not be granted under any claims adjudicated on the merits in state court proceedings unless the adjudication of the claim

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

Pinholster held that when the state court has decided an issue on the merits, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. Likewise, based on the plain language in the statute, review under § 2254(d)(2) is limited to "evidence presented in the State court proceeding." Id. at 1400 n.7. Section 2254(d) applies even where there has been a summary denial. Id. at 1402 (citing Harrington v. Richter, 131 S. Ct. 770, 786 (2011)).

Nevertheless, the Supreme Court stated that "state prisoners may sometimes submit new evidence in federal court" although "AEDPA's statutory scheme is designed to strongly discourage them from doing so." Id. at 1401. For example, section 2254(e)(2) applies when a petitioner did not develop the factual basis of a claim in state court proceedings. 28 U.S.C. § 2254(e)(2). The Supreme Court chose "not to decide where to draw the line between new claims and claims adjudicated on the merits," and noted that dissenting Justice Sotomayor's hypothetical involving new evidence of withheld exculpatory witness statements in violation of Brady "may well present a new claim." Id. at 1401 n.10. This Court's

5

March 22, 2010 order granting discovery was largely directed at discovery of potential Brady evidence.

Although Pinholster did not directly address the scope of discovery under Rule 6(a), courts have relied on the case to limit discovery in connection with petitions for habeas relief. See e.g., Robinson v. Miller, 2011 WL 2193393, *2 (N.D. Cal.) (noting, in connection with denial of discovery, that Pinholster generally precludes holding an evidentiary hearing on a claim adjudicated by the state court on its merits); Coddington v. Cullen, 2011 WL 2118855, at *1 (E.D. Cal.); Sok v. Substance Abuse Treatment Facility, 2011 WL 1930408, *2 (E.D. Cal.) (finding no basis to permit discovery because, "pursuant to Pinholster," the court was "limited to reviewing only the record that was before the state courts"); Wilson v. Humphrey, 2011 WL 2709696, *7 (M.D. Ga.) ("After Pinholster, if a state court decides a particular claim on the merits, district courts are not authorized to hold an evidentiary hearing in which new evidence is introduced to support that claim. It logically follows that conducting discovery on that claim would be futile . . ."); Hurst v. Branker, 2011 WL 2149470, *4 (M.D.N.C.) ("'good cause' does not exist for the discovery Petitioner seeks . . . because this Court may look only to the state court record in applying § 2254(d)"). These decisions are not controlling. Furthermore, only Hurst addressed a claim for habeas relief under section 2254(e)(2). In Hurst, the

6

record demonstrated that the petitioner could not seek relief under section 2254(e)(2).

The Ninth Circuit has not directly ruled on the effect of Pinholster on the availability of discovery, but, at least in one case, has held that discovery is unwarranted where habeas relief is precluded. In Kemp v. Ryan, 638 F.3d 1245 (9th Cir. 2011), the Ninth Circuit considered an appeal from a district court's denial of a state prisoner's petition for habeas relief from his state conviction for felony murder. The court initially explained that, because the federal habeas petition was filed after passage of the AEDPA, federal habeas relief could only be granted if the state court decision satisfied either section 2254(d)(1) or (2). Id. at 1254-55. After the court held that the Arizona Supreme Court did not unreasonably apply clearly established federal law, the court considered whether the Arizona court's factual determinations were unreasonable. The petitioner, however, did not directly challenge the state court's factual determination, but instead contended that the district court should have granted his request for further discovery on the issue. The petitioner admitted that he had not developed the factual basis for his claim in the state courts. Accordingly, the court applied section 2254(e)(2), rather than sections 2254(d)(1) or (2). Id. at 1258-60.

Section 2254(e)(2) of AEDPA generally bars an evidentiary hearing if the applicant failed to develop the factual basis for the claim in state court. Under section 2254(e)(2), a court can

7

hold an evidentiary hearing only if the petitioner meets two requirements. First, the claim must rely on a new rule of constitutional law announced by the Supreme Court or be based on facts that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). Second, even if a petitioner raises a new claim or one based on a new factual predicate, a hearing is allowed only if "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Kemp, the Ninth Circuit first found that the petitioner failed to meet the requirements of section 2254(e)(2), precluding an evidentiary hearing. The court further held that the district court did not err in denying discovery because it would have been futile and amounted to a fishing expedition. The court did not rely on Pinholster to affirm the denial of discovery. 638 F.3d at 1262.

Here, the Court has yet to determine whether an evidentiary hearing is warranted with respect to any of the claims pursued in this federal habeas petition. Respondent asserts that the California Supreme Court has rejected Petitioner's claims on the merits. However, "[s]ection 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief." Pinholster, 131 S.Ct. at 1401. Respondent has not urged, and it

8

is not apparent, that Petitioner has not met the requirements for relief under section 2254(e)(2).

The Advisory Committee Note for Rule 6(a) indicates that discovery is not necessarily limited to instances in which an evidentiary hearing has been granted. The Advisory Committee states, "Discovery may, in appropriate cases, aid in developing facts necessary to decide whether to order an evidentiary hearing or to grant the writ following an evidentiary hearing . . ." Rules Governing § 2254 Cases, Rule 6(a). The committee further explains, "While requests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing, there may be instances in which discovery would be appropriate beforehand. . . Such pre-hearing discovery may show an evidentiary hearing to be unnecessary, as when there are 'no disputed issues of law or fact.'" Id. Once it is determined that an evidentiary hearing is unwarranted, there may be no basis for discovery, as held in Kemp.

In Blackledge v. Allison, 431 U.S. 63, 81-82 (1977), the Supreme Court cited with approval the Advisory Committee's comment on Rule 6(a). There, after holding that habeas relief was not barred for state prisoners who enter a guilty plea, the Court noted that not every set of sufficiently pleaded allegations will entitle a habeas petitioner to an evidentiary hearing. However, the Court stated that a district court could order discovery before an evidentiary hearing to determine whether a hearing would

9

be unnecessary. Id. at 81 (citing Advisory Committee Note to Rule 6, Rules Governing Habeas Corpus Cases).

The Eighth Amendment entails a "heightened 'need for reliability in the determination that death is the appropriate punishment in a specific case.'" Caldwell v. Mississippi, 472 U.S. 320, 323 (1985) (citing Woodson v. North Carolina, 428 U.S. 280, 305 (1976) (plurality opinion). Here, Petitioner faces the ultimate punishment, and his discovery requests relate to potentially exculpatory evidence. Contrary to Respondent's contention, Pinholster does not bar discovery in this instance.

II. Hines deposition

Hines' testimony is relevant to Petitioner's claims of innocence. Hines stated in his declaration that MacDonald told him that he never hired Ervin to kill his wife, that Ervin was not involved in the murder, and that Ervin was not one of the two men he paid to kill his wife. Even though McDonald was not present at the murder, this evidence would undermine the basis for Petitioner's conviction and sentence. There is good cause to permit Hines' deposition now, because he is terminally ill and will not likely survive the duration of this litigation.

Respondent argues that the request is untimely because it was filed on June 6, 2011. The Court's December 22, 2011 order, Docket No. 177, set a deadline of April 1, 2011 for the completion of discovery. Respondent has not established that the two month delay in filing the discovery motion prejudices him. Several

10

extensions have been granted in this case, including extensions for Respondent.  The motion to depose Hines discloses that Respondent was aware, as of May 12, 2011, that Petitioner would seek to depose Hines, and that initially Respondent was unsure whether he would oppose the motion.

    Petitioner's request to depose Hines is granted.

### III. Weaver deposition

This Court has already authorized a deposition of Weaver, but at the time denied Petitioner's request for his personnel file as overly broad and unduly burdensome.  Petitioner renews his request for the file because Weaver is medically unable to sit for a deposition.  Due to this circumstance, the Court will allow limited discovery of Weaver's personnel file.  The EBRPPD shall disclose to Petitioner any evidence in the file indicating any on-the-job misconduct by Weaver.  Weaver shall be notified of the disclosure of such evidence.  In the event that there are privacy concerns, the EBRPPD or Weaver or both may move for a protective order with respect to the evidence.  If the evidence is used in support of a motion or pleading, the parties may also move to seal it.

    The request for Weaver's personnel records will not be denied based on untimeliness.  Respondent has again failed to show how he would be prejudiced by permitting the discovery to go forward.

    Accordingly, Petitioner's request for Weaver's personnel file is granted in part, pursuant to the following instructions.

11

Within fourteen days of this order, EBRPPD shall review Weaver's personnel file for any documentation indicating misconduct on the job. In the event that the EBRPPD identifies any such documents, the EBRPPD shall notify Weaver of Petitioner's discovery request, the responsive documents and this Court's order, and shall notify Petitioner. Weaver may oppose the disclosure of said documents to Petitioner by filing a motion within fourteen days of service of the notification from EBRPPD. If Weaver does not oppose the disclosure, the EBRPPD shall immediately turn over the documents. If Weaver opposes the disclosure, Petitioner may respond within fourteen days.

IV. Strellis trial records

In its March 22, 2010 order, the Court found that any exculpatory material in Strellis' possession would be relevant to Petitioner's claims and authorized the subpoena for the materials. There is no need to revisit the issue, and Respondent has not demonstrated that requiring Strellis to respond to this discovery request after the initial deadline will prejudice him. Petitioner shall serve Strellis with a copy of this order. Within ten days of service, Strellis shall produce any responsive materials or provide a declaration swearing that there are none. If he fails to do so, Petitioner may apply for an order for Strellis to appear and show cause why he should not be held in contempt.

12

CONCLUSION

Petitioner's request to depose Hines and for an order requiring Strellis to produce any exculpatory material in his possession is GRANTED.  Petitioner's request for the production of Weaver's personnel records by the EBRPPD is GRANTED IN PART.

IT IS SO ORDERED.

Dated: 9/8/2011



CLAUDIA WILKEN
United States District Judge

13