UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Curtis Lee ERVIN,<br><br>    Petitioner,<br><br>                v.<br><br>Kevin CHAPPELLE, Acting Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 4-0-cv-1228-CW<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING PETITIONER'S MOTION FOR DISCOVERY OF RECORDED TELEPHONE CALLS<br><br>[Doc. No. 217] |

    In this capital habeas action, the Court granted Petitioner's request to depose fellow condemned prisoner Gary Hines because it determined that "Hines' testimony is relevant to Petitioner's claims of innocence." (Doc. No. 189 at 10.) The deposition took place on September 23, 2011. During the deposition, Hines testified regarding telephone calls between himself and staff attorneys at the California Appellate Project. (Doc. No. 217 at 2.) The calls were not confidential and were recorded by San Quentin State Prison; the recordings are to be destroyed or discarded later this year. (Id. at 3.) In the instant Motion, Petitioner seeks discovery of any audiotapes or transcriptions of pertinent phone calls "[i]n anticipation that

1  Mr. Hines' credibility may be called into question." (<u>Id.</u> at 2.)
2  Neither Hines nor his counsel opposes Petitioner's request,
3  (<u>id.</u>), and an authorization signed by Hines is attached to
4  Petitioner's motion, (<u>id.</u> at 12).

5      Respondent contends that the records Petitioner seeks are
6  not relevant. (Doc. No. 218 at 2-4.) However, recordings of
7  phone calls are plainly relevant to the credibility of testimony
8  regarding the calls, and they well may be relevant to the overall
9  credibility of a person testifying about such calls. Petitioner
10 therefore has established good cause for discovery of pertinent
11 recordings, particularly in light of the fact that the records
12 will be destroyed or discarded if the Court does not order their
13 preservation.[1]

14     Accordingly, Petitioner's Motion is granted. San Quentin
15 State Prison shall provide to Petitioner's counsel access to its
16 recorded and transcribed telephone calls, and a copy thereof,
17 between the California Appellate Project and death-row inmate
18 Gary Hines (CDCR No. D-91000) for the period August 1-October 31,
19 2011.

20     IT IS SO ORDERED.

22 DATED: 4/11/2012          /s/ Claudia Wilken
23                 CLAUDIA WILKEN
                United States District Judge

---

[1] Respondent also argues that the admissibility of the Hines deposition has not been established and that the deposition testimony is not properly before the Court in light of <u>Cullen v. Pinholster</u>, 563 U.S. ___, 131 S. Ct. 1388 (2011). (Doc. No. 218 at 2-3.) However, there is no support for the assertion that the admissibility of evidence is required for relevant discovery, and the Court already has determined that, "[c]ontrary to Respondent's contention, <u>Pinholster</u> does not bar discovery in this instance," (Doc. No. 189 at 10).