KAMALA D. HARRIS
Attorney General of California
THOMAS S. PATTERSON
Supervising Deputy Attorney General
ADRIANO HRVATIN
Deputy Attorney General
State Bar No. 220909
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1672
  Fax:  (415) 703-5843
  E-mail:  Adriano.Hrvatin@doj.ca.gov
*Attorneys Specially Appearing for the
California Department of Corrections
and Rehabilitation*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **CURTIS LEE ERVIN,**<br><br>                      Petitioner,<br><br>v.<br><br>**KEVIN CHAPPELL, Acting Warden of California State Prison at San Quentin,**<br><br>                      Respondent. | C 00-1228 CW<br><br>**CAPITAL CASE**<br><br>**STIPULATION AND [PROPOSED] ORDER RESOLVING SUPPLEMENTAL MOTION FOR ORDER THAT SAN QUENTIN STATE PRISON PERMIT PETITIONER'S COUNSEL TO CONDUCT IN-PERSON REVIEW OF RECORDED TELEPHONE CALLS AND FOR ACCESS TO RELATED MATERIAL, INCLUDING LOGS AND TRANSCRIPTIONS** |

      Petitioner Curtis Lee Ervin, Respondent Kevin Chappell, and the California Department of Corrections and Rehabilitation (CDCR), a non-party specially appearing in the above-captioned matter as custodian of the telephone records implicated by Petitioner's supplemental motion for discovery, through their attorneys, have met and conferred regarding the motion and reached a stipulation that resolves its issues, and submit the stipulation to the Court for its consideration and approval, as follows:

1

Stip. & [Proposed] Order Resolving Pet.'s Supp. Discovery Mot. (C 00-1228 CW)

1.  On June 5, 2012, Petitioner filed a supplemental motion for an order that San Quentin State Prison permit Petitioner's counsel to conduct an in-person review of recorded telephone calls and for access to related materials, including logs and transcriptions. (Docket No. 222.)

2.  On June 18, 2012, counsel for Petitioner and Respondent stipulated to extend Respondent's deadline to respond to Petitioner's motion from June 19, 2012 to June 29, 2012 (Docket No. 225), which the Court approved on June 19, 2012 (Docket No. 226).

3.  On June 29, 2012, counsel for Petitioner, Respondent, and CDCR stipulated to extend the deadline to respond to Petitioner's motion from June 29, 2012 to July 13, 2012. (Docket No. 227.) Specifically, CDCR's counsel, following a preliminary review of Petitioner's motion and investigation regarding the discovery sought, met and conferred with Petitioner's counsel and indicated that San Quentin was inclined to accommodate Petitioner's request for an in-person review of the telephone records at issue. CDCR's counsel, however, needed additional time to ensure that the disclosure of such information, to the extent it may implicate inmates' identifying information, does not contravene federal or state privacy laws and regulations. (*Id*.) On July 3, 2012, the Court approved the parties' stipulation. (Docket No. 228.)

4.  On July 6, 2012, counsel met and conferred further regarding Petitioner's motion and reached an agreement that resolves its issues.

5.  At a time in the near future to be agreed upon by counsel for Petitioner and San Quentin, through CDCR's counsel, Petitioner's counsel will be permitted to conduct an in-person review of the recorded telephone calls made from San Quentin to the California Appellate Project (CAP) between August 1, 2011 and October 31, 2011 for the purpose of identifying the telephone calls made in that time period to CAP by inmate Gary Dale Hines (CDCR No. D91000). The disclosure of the name of the inmate placing the telephone call is authorized by title 15, section 3261.2(e) of the California Code of Regulations.

6.  During Petitioner's counsel's in-person review, Petitioner's counsel agrees to listen to no more than the first segment of the telephone call, generally within the first five to ten seconds of any given call, to identify solely the identity of the individual who placed the call. Should Petitioner's counsel be unable to determine the identity of the caller, Petitioner's counsel agrees

2

Stip. & [Proposed] Order Resolving Pet.'s Supp. Discovery Mot. (C 00-1228 CW)

to confer with San Quentin personnel present at the in-person review to determine the least intrusive way to determine the caller's identity without encroaching upon the substance of the call. Petitioner's counsel further agrees not to disclose the identity of any caller, other than inmate Hines, to any third person.

7. Counsel for the parties also met and conferred regarding additional requests or issues raised by Petitioner's supplemental discovery motion. Petitioner's counsel has been advised that San Quentin does not have the capacity to transcribe recorded telephone calls and does not have any transcript of any telephone call made by inmate Hines to CAP. Nor does San Quentin have in its possession, custody, or control any documentation, such as Unit Telephone Logs or inmate sign-up sheets, reflecting the telephone calls made to CAP during the time period at issue. San Quentin has retained, and will not destroy during the pendency of this litigation, copies of the voice recordings that San Quentin has identified as having been made from San Quentin to CAP during August 1, 2011 to October 31, 2011.

8. Following Petitioner's counsel's in-person review of the telephone calls at issue, San Quentin will provide to Petitioner's counsel copies of the telephone calls identified as being made by inmate Hines to CAP during the time period at issue.

9. Should Petitioner rely on or use the recorded telephone calls as evidence in connection with any further motion or proceeding in this matter, Petitioner's counsel will provide Respondent's counsel, within a reasonable time frame, copies of the telephone calls identified as being made by inmate Hines to CAP during the time period at issue supplied by CDCR to Petitioner's counsel pursuant to this stipulation and proposed order. The use of the recorded telephone calls shall be limited to Petitioner's litigation only, and may not be used against inmate Hines in his capital case, absent a separate waiver of any privilege held by inmate Hines or pursuant to court order, or any other proceeding, absent a separate waiver of any privilege held by inmate Hines or pursuant to court order.

10. The parties agree that the issues raised by Petitioner's supplemental discovery motion have been resolved such that Petitioner's motion may be denied as moot.

3

Stip. & [Proposed] Order Resolving Pet.'s Supp. Discovery Mot. (C 00-1228 CW)

11. The parties agree that this stipulation does not waive any rights the parties may have regarding the discovery sought by the instant motion, including Petitioner's right to seek further relief, Respondent's right to object to any such request, and CDCR's right to appear specially to respond to that request.

IT IS SO STIPULATED.

Respectfully Submitted,

Dated: July 13, 2012

LAW OFFICES OF ROBERT R. BRYAN
LAW OFFICES OF PAMALA SAYASANE

/s/ Pamala Sayasane
PAMALA SAYASANE
*Attorneys for Petitioner*

Dated: July 13, 2012

OFFICE OF THE ATTORNEY GENERAL

/s/ Allan Yannow
ALLAN YANNOW
Deputy Attorney General
*Attorneys for Respondent*

Dated: July 13, 2012

OFFICE OF THE ATTORNEY GENERAL

/s/ A. Hrvatin
ADRIANO HRVATIN
Deputy Attorney General
*Attorneys Specially Appearing for the
California Department of Corrections
and Rehabilitation*

IT IS SO ORDERED.

Dated: July 17, 2012

/s/ Claudia Wilken
THE HONORABLE CLAUDIA WILKEN
United States District Court Judge

SF2012204786
20625359.doc

4

Stip. & [Proposed] Order Resolving Pet.'s Supp. Discovery Mot. (C 00-1228 CW)