1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CURTIS LEE ERVIN,<br><br>                    Petitioner,<br><br>          v.<br><br>RON DAVIS, Warden, California State Prison at San Quentin,<br><br>                    Respondent. | Case  No. 00-CV-01228-LHK<br><br>**ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 34 AND 37**<br><br>Re: Dkt. No. 213 |

        In 1991, Petitioner Curtis Lee Ervin ("Petitioner") was convicted of the murder of Carlene McDonald and sentenced to death.  Petitioner has filed an amended petition for a writ of habeas corpus, which includes 37 claims in total.  ECF No. 97 ("Pet.").  Respondent has filed a motion for summary judgment as to all 37 claims in Petitioner's amended habeas petition.  ECF No. 213 ("Mot.").  Petitioner has opposed Respondent's motion and requested an evidentiary hearing on 15 of Petitioner's 37 claims.  This Court has ruled on 35 of the 37 claims.

        This Order addresses claims 34 and 37 in Petitioner's amended habeas petition.  Petitioner requests an evidentiary hearing on claim 34.  For the reasons discussed below, Respondent's motion for summary judgment as to claims 34 and 37 is GRANTED.  Petitioner's request for an

1

United States District Court
Northern District of California

1  evidentiary hearing on claim 34 is DENIED.

2  **I.     BACKGROUND**

3      **A.  Factual Background[1]**

4         On February 21, 1991, a jury convicted Petitioner of first-degree murder with the special

5  circumstance finding of murder for financial gain.  Evidence presented at Petitioner's trial

6  established that Robert McDonald ("McDonald"), the former spouse of Carlene McDonald

7  ("Carlene"), had hired Petitioner and Arestes Robinson ("Robinson"), to kill Carlene for $2,500.

8         At trial, Armond Jack ("Jack") testified that he had driven with Petitioner to meet

9  McDonald to negotiate the price for killing Carlene.  Jack also testified that he had driven

10  Petitioner and Robinson to Carlene's apartment on November 7, 1986, the night of the murder.

11  While Petitioner, Robinson, and Jack were driving to Carlene's apartment, Petitioner asked for

12  and received a knife from Robinson.  With the assistance of a BB gun, Petitioner and Robinson

13  kidnapped Carlene and used Carlene's vehicle to take Carlene to Tilden Park, where Petitioner

14  stabbed Carlene to death with Robinson's assistance.  A patrol officer found Carlene's body the

15  following afternoon.

16         Petitioner and Robinson met with McDonald the day after Carlene's murder and presented

17  McDonald with Carlene's driver's license as proof of the murder.  McDonald paid Petitioner

18  $2,500, which Petitioner shared with Robinson and others to purchase cocaine.  A few weeks after

19  Carlene's murder, McDonald paid Petitioner an additional $1,700.  Sharon Williams ("Williams"),

20  Petitioner's girlfriend, testified that Petitioner gave Williams a watch and ring later identified as

21  belonging to Carlene.  Petitioner also retained Carlene's vehicle, parking it and seeking to have it

22  stripped, cleaned or burned shortly after the murder.

23         In addition to the physical evidence linking Petitioner to Carlene's murder, Petitioner also

24  admitted various incriminating aspects of the crime to David Willis ("Willis"), Zane Sinnott

25

26  [1] The following facts are drawn from the California Supreme Court's opinion on Petitioner's
direct appeal.  *People v. Ervin*, 22 Cal. 4th 48 (2000); *cf. Miller-El v. Cockrell*, 537 U.S. 322, 340
27  (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing
evidence to the contrary.").

28

United States District Court
Northern District of California

("Sinnott"), and the investigating police officer, Sergeant Dana Weaver ("Weaver").  According to these witnesses, Petitioner admitted that he and Robinson had confronted Carlene, had pointed the BB gun at her, had forced her into her car, and had driven her to Tilden Park.  Petitioner further admitted to stabbing Carlene to death at Tilden Park while Robinson held her.  The prosecution also introduced testimony from Robinson's girlfriend, Gail Johnson ("Johnson"), who stated that Robinson had admitted to participating in Carlene's murder.

Robinson, McDonald, and Petitioner were tried together.  Petitioner made no claims of innocence, but sought to impeach the testimony of prosecution witnesses Jack, Sinnott, and Willis. In addition, Dr. Fred Rosenthal ("Rosenthal"), a psychiatrist, testified that Petitioner's cocaine consumption might have impaired Petitioner's thought process and that Petitioner thus did not appreciate the seriousness and finality of killing someone for money.  The jury found Petitioner's defenses unavailing and convicted Petitioner of first-degree murder.

During the penalty phase of Petitioner's trial, the prosecution introduced evidence of a prior bank robbery conviction and some jail disciplinary problems.  Petitioner introduced mitigating evidence regarding his character, employment, family, drug use, religious involvement, and musical skills.  McDonald and Robinson also introduced mitigating evidence.  The jury returned death verdicts for Petitioner and McDonald, but chose life imprisonment without parole for Robinson.

### B.  Procedural History

On January 6, 2000, the California Supreme Court affirmed Petitioner's conviction and sentence on direct appeal.  *Ervin*, 22 Cal. 4th at 66.  The United States Supreme Court denied certiorari on October 2, 2000.  *Ervin v. California*, 531 U.S. 842 (2000).  On November 12, 2002, Petitioner filed a federal habeas petition before this Court.  ECF No. 32.  On January 22, 2003, Petitioner filed a corrected federal habeas petition.  ECF No. 45.  That same day, the Court stayed all federal habeas proceedings so that Petitioner could exhaust his claims in state court.  Petitioner filed a state habeas petition on October 1, 2003, and on December 14, 2005, the California Supreme Court denied Petitioner's state habeas petition.

1    Following the California Supreme Court's decision, Petitioner filed an amended federal

2    habeas petition on September 7, 2007.  ECF No. 97.  Respondent filed a response on March 7,

3    2008, ECF No. 110, and Petitioner filed a traverse on November 13, 2008.  ECF No. 133.

4        On February 14, 2012, Respondent filed the instant motion for summary judgment.  On

5    January 8, 2013, Petitioner filed an opposition and a request for an evidentiary hearing.  ECF No.

6    249 ("Opp'n").  Respondent filed a reply on May 10, 2013, which included an opposition to

7    Petitioner's request for an evidentiary hearing.  ECF No. 259 ("Resp. Reply").  On August 16,

8    2013, Petitioner filed a reply to Respondent's opposition to Petitioner's request for an evidentiary

9    hearing.  ECF No. 266 ("Pet. Reply").  Petitioner's reply specified that Petitioner sought an

10   evidentiary hearing on claims 7–10, 20, 26–29, and 32–34.  *Id.* at 5.

11       On January 7, 2015, the instant action was reassigned from U.S. District Judge Claudia

12   Wilken to the undersigned judge.  ECF No. 268.  On March 16, 2015, this Court stayed

13   Petitioner's penalty phase claims pending the Ninth Circuit's decision of an appeal filed in *Jones*

14   *v. Chappell*, 31 F. Supp. 3d 1050 (C.D. Cal. 2014).  ECF No. 269.  The Ninth Circuit decided

15   *Jones* on November 12, 2015, and determined that the district court had erred in finding

16   California's post-conviction system of review in violation of the Eighth Amendment.  *Jones v.*

17   *Davis*, 806 F.3d 538 (9th Cir. 2015).  In the wake of the Ninth Circuit's decision in *Jones*, all of

18   Petitioner's claims are now ripe for review.

19       On December 11, 2015, this Court issued an order granting Respondent's motion for

20   summary judgment as to claims 1–5.  ECF No. 271.  On March 28, 2016, this Court issued an

21   order granting Respondent's motion for summary judgment as to claims 14–15 and 17–18.  ECF

22   No. 281.  On March 29, 2016, this Court issued an order granting Respondent's motion for

23   summary judgment as to claims 7–13.  On June 14, 2016, this Court issued an order granting

24   Respondent's motion for summary judgment as to claims 21, 35, and 36.  ECF No. 283.  On June

25   15, 2016, this Court issued an order granting Respondent's motion for summary judgment as to

26   claims 6 and 16.  ECF No. 284.  On June 16, 2015, this Court issued an order granting

27   Respondent's motion for summary judgment as to claims 22 and 23.  ECF No. 285.  On July 8,

28

Case No. 00-CV-01228-LHK
ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 34 AND 37

United States District Court
Northern District of California

2016, this Court issued an order granting Respondent's motion for summary judgment as to claims

32 and 33.  ECF No. 286.  On August 15, 2016, this Court issued an order granting Respondent's

motion for summary judgment as to claims 28 and 29.  ECF No. 287.  On August 17, 2016, this

Court issued an order granting Respondent's motion for summary judgment as to claims 24 and

31.  ECF No. 288.  On September 1, 2016, this Court issued an order granting Respondent's

motion for summary judgment as to claims 19, 20 and 30.  ECF No. 289.  On September 7, 2016,

this Court issued an order granting Respondent's motion for summary judgment as to claims 26

and 27.  ECF No. 290.  On September 8, 2016, this Court issued an order granting Respondent's

motion for summary judgment as to claim 25.  ECF No. 291.

## II.      LEGAL STANDARD

### A.   Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2254(d))

Because Petitioner filed his original federal habeas petition in 2002, the Anti-Terrorism

and Effective Death Penalty Act of 1996 ("AEDPA") applies to the instant action.  *See Woodford*

*v. Garceau*, 538 U.S. 202, 210 (2003) (holding that AEDPA applies whenever a federal habeas

petition is filed after April 24, 1996).  Pursuant to AEDPA, a federal court may grant habeas relief

on a claim adjudicated on the merits in state court only if the state court's adjudication "(1)

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  28 U.S.C. § 2254(d).

### 1. Contrary To or Unreasonable Application of Clearly Established Federal Law

As to 28 U.S.C. § 2254(d)(1), the "contrary to" and "unreasonable application" prongs

have separate and distinct meanings.  *Williams v. Taylor*, 529 U.S. 362, 404 (2000) ("Section

2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas

relief with respect to a claim adjudicated on the merits in state court.").  A state court's decision is

"contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to

that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case

Case No. 00-CV-01228-LHK

ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 34 AND 37

United States District Court
Northern District of California

differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts." *Id*. at 412–13.

A state court's decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). A state court's determination that a claim lacks merit is not unreasonable "so long as 'fairminded jurists could disagree' on [its] correctness." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Holdings of the U.S. Supreme Court at the time of the state court decision are the sole determinant of clearly established federal law. *Williams*, 529 U.S. at 412. Although a district court may "look to circuit precedent to ascertain whether [the circuit] has already held that the particular point in issue is clearly established by Supreme Court precedent," *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (per curiam), "[c]ircuit precedent cannot refine or sharpen a general principle of [U.S.] Supreme Court jurisprudence into a specific legal rule," *Lopez v. Smith*, 135 S. Ct. 1, 4 (2014) (per curiam) (internal quotation marks omitted).

### 2. Unreasonable Determination of the Facts

In order to find that a state court's decision was based on "an unreasonable determination of the facts," 28 U.S.C. § 2254(d)(2), a federal court "must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record before the state court," *Hurles v. Ryan*, 752 F.3d 768, 778 (9th Cir. 2014) (internal quotation marks omitted). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013). That said, "where the state courts plainly misapprehend or misstate the record in making their findings, and the misapprehension goes to a material factual issue that is central to petitioner's claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable."

Case No. 00-CV-01228-LHK
ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 34 AND 37

United States District Court
Northern District of California

1   *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir. 2004).

2          In examining whether a petitioner is entitled to relief under 28 U.S.C. § 2254(d)(1) or

3   § 2254(d)(2), a federal court's review "is limited to the record that was before the state court that

4   adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  In the event

5   that a federal court "determine[s], considering only the evidence before the state court, that the

6   adjudication of a claim on the merits resulted in a decision contrary to or involving an

7   unreasonable application of clearly established federal law, or that the state court's decision was

8   based on an unreasonable determination of the facts," the federal court evaluates the petitioner's

9   claim *de novo*.  *Hurles*, 752 F.3d at 778.  If error is found, habeas relief is warranted if that error

10  "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v.*

11  *Abrahamson*, 507 U.S. 619, 638 (1993).  Petitioners "are not entitled to habeas relief based on trial

12  error unless they can establish that it resulted in 'actual prejudice.'" *Id.* at 637 (quoting *United*

13  *States v. Lane*, 474 U.S. 438, 449 (1986)).

14          **B.  Federal Evidentiary Hearing (28 U.S.C. § 2254(e))**

15          Under *Cullen v. Pinholster*, habeas review under AEDPA "is limited to the record that was

16  before the state court that adjudicated the claim on the merits."  563 U.S. at 180–81.  The Ninth

17  Circuit has recognized that *Pinholster* "effectively precludes federal evidentiary hearings" on

18  claims adjudicated on the merits in state court.  *Gulbrandson v. Ryan*, 738 F.3d 976, 993 (9th Cir.

19  2013); *see also Sully v. Ayers*, 725 F.3d 1057, 1075 (9th Cir. 2013) ("Although the Supreme Court

20  has declined to decide whether a district court may ever choose to hold an evidentiary hearing

21  *before* it determines that § 2254(d) has been satisfied . . . an evidentiary hearing is pointless once

22  the district court has determined that § 2254(d) precludes habeas relief.") (internal quotation marks

23  and citation omitted).

24          **C.  Summary Judgment**

25          Summary judgment is appropriate if, when viewing the evidence and drawing all

26  reasonable inferences in the light most favorable to the nonmoving party, there are no genuine

27  issues of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P.

28

*(left margin, rotated)* United States District Court — Northern District of California

7

1    56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  At the summary judgment stage,

2    the Court "does not assess credibility or weigh the evidence, but simply determines whether there

3    is a genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559–60 (2006).  A fact is

4    "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to

5    a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in

6    favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

7         The moving party bears the initial burden of identifying those portions of the pleadings,

8    discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*

9    *Corp.*, 477 U.S. at 323.  Whereas the party opposing summary judgment will have the burden of

10   proof at trial, the party moving for summary judgment need only point out "that there is an

11   absence of evidence to support the nonmoving party's case."  *Id.* at 325.  If the moving party

12   meets its initial burden, the nonmoving party must set forth "specific facts showing that there is a

13   genuine issue for trial."  *Anderson*, 477 U.S. at 250.

14   **III.    DISCUSSION**

15        **A.    Claim 34**

16        Petitioner alleges that he is innocent of the murder of Carlene and of the special

17   circumstance finding of murder for financial gain.  Petitioner asserts that he did not kill Carlene

18   and did not possess the requisite mental state for being culpable of murder.  According to

19   Petitioner, it was Armond Jack who committed the murder.  The California Supreme Court denied

20   this claim on the merits without discussion.  *In re Ervin*, No. S119420 (Cal. Dec. 14, 2005).

21   Respondent contends that this denial was reasonable.

22        Claim 34 reiterates allegations raised in claims 7-13, 26 and 28-33.  These claims have

23   been addressed and denied by this Court.  ECF Nos. 282, 286-290.  For the reasons outlined in this

24   Court's previous orders, claim 34 lacks merit.  Summary judgment as to claim 34 is therefore

25   GRANTED.  Petitioner's request for an evidentiary hearing on claim 34 is DENIED.  *See Sully*,

26   725 F.3d at 1075 ("[A]n evidentiary hearing is pointless once the district court has determined that

27   § 2254(d) precludes habeas relief.").

28

Case No. 00-CV-01228-LHK
ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS 34 AND 37

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**B.   Claim 37**

2       Petitioner alleges that the cumulative effect of the errors alleged in his petition and on

3  direct appeal deprived him of his constitutional rights.  The California Supreme Court denied this

4  claim on the merits without discussion.  *In re Ervin*, No. S119420 (Cal. Dec. 14, 2005).

5  Respondent contends that this denial was reasonable.

6       In some cases, although no single trial error is sufficiently prejudicial to warrant reversal,

7  the cumulative effect of several errors may still prejudice a defendant so much that his conviction

8  must be overturned.  *See Alcala v. Woodford*, 334 F.3d 862, 893-95 (9th Cir. 2003).  Where there

9  is no single existing constitutional error, however, nothing can accumulate to the level of a

10  constitutional violation.  *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).  Here,

11  Petitioner has failed to establish any single instance of constitutional error.  Accordingly, there are

12  no errors to aggregate.  Petitioner's allegation of cumulative error lacks merit.  Summary judgment

13  as to claim 37 is GRANTED.

14  **III.   CONCLUSION**

15       For the foregoing reasons, Respondent's motion for summary judgment as to claims 34

16  and 37 is GRANTED.  Petitioner's request for an evidentiary hearing on claim 34 is DENIED.

17  **IT IS SO ORDERED.**

18  Dated:  September 13, 2016.

19
20  LUCY H. KOH
    United States District Judge
21
22
23
24
25
26
27
28

9