UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE ERVIN,<br><br>   Petitioner,<br><br>  v.<br><br>RON BROOMFIELD,<br><br>   Respondent. | Case No. 00-cv-01228-VC<br><br>**ORDER REGARDING CONSIDERATION OF NEW EVIDENCE**<br><br>Re: Dkt. No. 458 |

  The parties have submitted briefs on the issue of whether new evidence may be considered in support of petitioner's Claim Five, a challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), following the Ninth Circuit's remand of this case for reconsideration of Judge Koh's ruling in light of *Flowers v. Mississippi*, 139 S. Ct. 2228 (2019). *See Ervin v. Davis*, 12 F.4th 1102 (9th Cir. 2021). The Ninth Circuit left it "to the district court to decide in the first instance whether, in light of *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 179 L.Ed.2d 557 (2011), the parties may submit additional evidence to support their positions . . . because the California Supreme Court made an unreasonable determination of the facts, which would relieve the district court of AEDPA deference, or whether such evidence must be submitted for the first time in state court." *Id*. at 1108. Petitioner argues that he is entitled to de novo review of his *Batson* claim, including the consideration of new evidence, because the state court unreasonably denied his claim. Respondent disagrees.

  The Ninth Circuit remanded petitioner's case so that "the district court can apply in the

first instance the Supreme Court's guidance in *Flowers*." *Ervin*, 12 F.4th at 1104. In *Flowers*, the United States Supreme Court set out the following list of factors that judges should consider when evaluating the validity of a peremptory strike:

> • statistical evidence about the prosecutor's use of peremptory strikes against black prospective jurors as compared to white prospective jurors in the case;
> • evidence of a prosecutor's disparate questioning and investigation of black and white prospective jurors in the case;
> • side-by-side comparisons of black prospective jurors who were struck and white prospective jurors who were not struck in the case;
> • a prosecutor's misrepresentations of the record when defending the strikes during the *Batson* hearing;
> • relevant history of the State's peremptory strikes in past cases; or
> • other relevant circumstances that bear upon the issue of racial discrimination.

139 S. Ct. at 2243. In remanding petitioner's case, the Ninth Circuit stated that without the benefit of *Flowers*, the district court did not fully analyze statistical evidence regarding the prosecutor's use of peremptory challenges, did not consider the prosecutor's misrepresentation of the record, did not perform a complete comparative juror analysis and was not mindful of the history of the state's peremptory strikes in past cases. *Ervin*, 12 F.4th at 1107-08. Highlighting the Supreme Court's instruction in *Flowers* to evaluate the history of the state's peremptory strikes in past cases, the Ninth Circuit cited a *New York Times* article, "*Case Stirs Fight on Jews, Juries and Execution*," in which the prosecutor in petitioner's case, James H. Anderson, was interviewed by a reporter in 2005. In that article, Anderson reportedly stated that allegations made by Jack Quatman, a former Alameda County prosecutor, asserting that the Alameda County District Attorney's office removed Jews and African American women from juries were "laughable," but acknowledged that:

> [M]any prospective jurors, including Jews and blacks, were excluded because of backgrounds, professions and political beliefs. "That is not a racist thing, but just common sense," Mr. Anderson said. "It is an axiom. It is not because of prejudice. Their politics are not going to be on your side . . . When I was a young D.A., [the judge] would tell me, "If you have a cop case, be careful of blacks

on the jury, because they don't like cops," ' Mr. Anderson said. 'I heard him tell defense lawyers: "Be careful of Asians. They are very law-and-order oriented.

*Ervin*, 12 F.4th at 1108 n.8. This article was not part of the record on appeal, but was brought to the parties' attention by the Ninth Circuit. *See Ervin v. Davis*, No. 16-99010, ECF No. 73 (9th Cir. May 21, 2021).[1]

Petitioner argues that his *Batson* claim was unreasonably denied by the California Supreme Court, that the state failed to disclose evidence of Mr. Anderson's bias and that the Court should take judicial notice of the *New York Times* article and expand the record to include it. Respondent counters that the denial of petitioner's *Batson* claim was reasonable, that the Court may not take judicial notice of the truth of the matters asserted in the *New York Times* article because it is based on hearsay, and that petitioner did not exercise reasonable diligence in discovering the *New York Times* article. Respondent contends that the article has been in the public realm since it was published in 2005, and that petitioner failed to ask Mr. Anderson questions about jury selection when he deposed him in 2010, even though he did question him about Jack Quatman's allegations.

As noted above, the Ninth Circuit left it to the district court to decide whether the parties may submit additional evidence in relation to petitioner's *Batson* claim, or whether such

---

[1] The Ninth Circuit instructed the parties to be prepared at oral argument "to discuss the comments Alameda County prosecutor James H. Anderson made in 2005 to *The New York Times* about jury selection strategies. *See* Dean E. Murphy, Case Stirs Fight on Jews, Juries and Execution, N.Y. Times (Mar. 16, 2005), https://www.nytimes.com/2005/03/16/us/case-stirs-fight-on-jews-juries-and-execution.html. The parties should be prepared to explain whether these comments were in the state or federal court record, and what impact, if any, they have on Petitioner's *Batson* claims, request for an evidentiary hearing, and the scope of this court's review under *Cullen v. Pinholster*, 563 U.S. 170 (2011)." *Id*. At oral argument, petitioner conceded that the news article was not part of the record. https://www.ca9.uscourts.gov/media/video/?20210602/16-99010 at 6:21.

3

evidence must be submitted for the first time in state court. *Ervin*, 12 F.4th at 1108. The *New York Times* article strengthens the evidentiary posture of petitioner's *Batson* claim, arguably rendering it unexhausted. *See Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (where federal habeas petitioner presents new evidence that places the case in significantly stronger evidentiary posture, state courts must be given opportunity to consider the evidence); *see also Dickens v. Ryan*, 740 F.3d 1302 (9th Cir. 2014).

Under *Pinholster*, federal habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. 563 U.S. at 181. Once a state court has decided a claim on the merits, "evidence later introduced in federal court is irrelevant." *Id*. at 1400. Under *Pinholster*, if a federal habeas petitioner wishes for a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first present that evidence in state court. *See*, *e.g.*, *Gonzalez v. Wong*, 667 F.3d 965 (2011) (potentially meritorious *Brady* claim supported by newly-discovered materials obtained during federal habeas proceedings remanded to district court with instructions to stay proceedings to permit petitioner to present claim to California Supreme Court). The United States Supreme Court recently made clear that "only rarely may a federal habeas court hear a claim or consider evidence that a prisoner did not previously present to the state courts in compliance with state procedural rules." *Shinn v. Ramirez*, 142 S. Ct. 1718, 1730 (2022).

In light of *Pinholster*'s emphasis on the primary responsibility of the state court, petitioner's new evidence must be presented to the state court before it can be considered on federal habeas review. Accordingly, this case is stayed so that petitioner may present his *Batson* claim, accompanied by all new evidence and argument, including the *New York Times* article identified by the Ninth Circuit, to state court. Petitioner is directed to file a state habeas petition

raising his *Batson* claim within sixty days of the date of this Order. One hundred and twenty days after the entry of this Order, and every ninety days thereafter until his state proceedings are terminated, petitioner shall file a brief report updating the Court on the status of his state habeas action. No later than thirty days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

Dated: September 27, 2022

VINCE CHHABRIA
United States District Judge